```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

CARIBBEAN I OWNERS'             *
ASSOCIATION, INC.,              *
                                *
    Plaintiff,              *
                                * Civil Action No. 07-00829-KD-B
                                *
GREAT AMERICAN INSURANCE        *
COMPANY OF NEW YORK,            *
                                *
    Defendants.             *

## ORDER

This matter is before the Court on Plaintiff Caribbean I Owners' Association, Inc.'s Motions to Quash the Depositions of Vincent H. Smith and Ralf Leistikow. (Docs. 101, 102). Based upon a review of Plaintiff's motions, and Defendant Great American Insurance Company of New York's briefs in opposition, Plaintiff's motions are DENIED.

This is an action by Plaintiff Caribbean I Owners' Association, Inc. (hereinafter "Caribbean") against its insurer, Great American Insurance Company of New York (hereinafter "Great American"), for breach of contract in connection with alleged damages from Hurricane Ivan[1]. Plaintiff claims that the Caribbean condominium building (hereinafter "building") was damaged by water intrusion occurring during Hurricane Ivan, while Great American contends that the water intrusion was due to the presence of

---

[1] Defendant Specialty XL Insurance Company was dismissed from this action on October 10, 2008. (Doc. 92)

preexisting construction defects relating to the original construction of the building.  In the instant motions, Plaintiff seeks to quash the depositions of Ralf Leistikow and Vincent H. Smith on the ground that both are non-testifying, consulting experts in this litigation, and as such, they are protected from discovery under Fed.R.Civ.P. 26(a)(2)(B).

Based upon the record before the Court, it appears that Vincent H. Smith, of Williamson & Associates, was retained by Caribbean in 2004 to inspect the Caribbean building to find out why it was leaking and develop a solution to the building's problems. (Doc. 104, Ex. A).  At some point, Mr. Smith prepared reports regarding testing methods, resulting test data, data evaluations, and the conclusions reached concerning the various building components tested on the condominium, and he was retained by Caribbean as an expert in prior litigation between Caribbean and its contractors, etc.  He was deposed regarding his reports in the prior litigation on September 12, 2006. During his deposition, Mr. Smith testified that it is his understanding that his initial involvement was not for litigation support but was instead for the purpose of assisting Caribbean and the contractor in working towards a resolution of the problems with the building. (Doc. 104, Ex. A).  In the instant litigation, Caribbean initially identified Mr. Smith as a testifying expert and provided to Great American Mr. Smith's reports and his September 12, 2006 deposition from the

prior lawsuit.  On October 27, 2008, Caribbean withdrew Mr. Smith's designation as an expert expected to testify.  On October 29, 2008, Great American filed a notice to depose Mr. Smith.  Caribbean, in turn, filed a motion seeking to quash Mr. Smith's deposition.

Based upon the record before the Court, it appears that Ralf Leistikow was initially retained in 2004 by Vincent Smith of Williamson & Associates to evaluate the condition of the Caribbean condominium building.  At some point, Mr. Leistikow prepared reports which include his testing methods, test data, data evaluations and the conclusions he reached concerning the condominium.  Mr. Leistikow was retained by Caribbean in some capacity in prior litigation between Caribbean and its contractor[2].  In connection with the prior litigation, Mr. Leistikow was deposed regarding his reports on October 17, 2006.  In the instant litigation, Caribbean did not include Mr. Leistikow on its expert disclosures; however, Caribbean provided Mr. Leistikow's reports to Great American.  Great American issued a Notice to Depose Mr. Leistikow, and Caribbean filed its Motion to Quash.

Federal Rule of Civil Procedure 26(b)(4)(B) allows discovery of experts who have "been retained or specially employed by another party in anticipation of litigation or preparation for trial."  It exempts from discovery "facts known and opinions held by" non-

---

[2]Based on the parties' pleadings, it is not clear when Mr. Leistikow was retained or in what capacity he was retained with respect to the prior litigation.

testifying consultants hired in anticipation of litigation but not expected to be called as witnesses at trial unless the requirements of Rule 35(b) are met, or there is a showing that exceptional circumstances exist such that "it is impractical for the party to obtain facts or opinions on the same subject by other means." Fed.R.Civ.P. 26(b)(4)(B)(ii).

Courts have recognized four interests weighing against allowing an opposing party to depose or call at trial a consultative, non-testifying expert witness: (1) an "important interest in allowing counsel to obtain the expert advice they need in order properly to evaluate and present their clients' position without fear that every consultation with an expert may yield grist for the adversary's mill," which the court found underlies Fed.R.Civ.P.26(b)(4)(B)'s limitation on discovery of consultative, as opposed to testifying experts; (2) unfairness of allowing an opposing party to benefit from a party's effort and expense incurred in preparing its case; (3) fear of restraint on the willingness of experts to serve as consultants if their testimony could be compelled; and (4) the substantial risk of "explosive" prejudice stemming from the fact of the prior retention of any expert by the opposing party. Pickett v. IBP, Inc. 2000 U.S. Dist. LEXIS 19500 (M.D. Ala. Oct. 16, 2000)(quoting House v. Combined Ins. Co. of America, 168 F.R.D. 236)(N.D. Iowa 1996).

A party seeking disclosure under Rule 26(b)(4)(B) carries a

heavy burden in demonstrating the existence of exceptional circumstances. Pickett, 2000 U.S. Dist. LEXIS 19500 (M.D. Ala. Oct. 16, 2000); Valero Marketing and Supply Co. v. Southcap Pipeline, 2009 U.S. Dist. LEXIS 2776 (S.D. Ill. Jan. 15, 2009). Exceptional circumstances exist when the condition is no longer observable, or the cost to replicate the data or condition is judicially prohibitive. Id.

The Advisory Committee Notes state that "the [Rule 26(b)(4)(B)] does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to the transactions or occurrences that are part of the subject matter of the lawsuit. Such an expert should be treated as an ordinary witness. Advisory Comm. Notes (1970). In other words, "[i]t is possible for a witness to wear two hats: one as a specially employed expert in anticipation of litigation and one as an ordinary witness." Essex Builders Group, Inc. v. Amerisure Ins., 235 F.R.D.703 (M.D. Fla., 2006); In re Shell Oil Refinery, 134 F.R.D. 148, 150 (E.D. La. 1990)(expert employees could be deposed regarding facts and opinions held prior to being specially employed on a post-accident investigation team that formed in anticipation of litigation).

Based upon the record before the Court, the undersigned finds that Mr. Smith constitutes a fact witness with respect to that which he observed during his inspection and testing of the

Caribbean building in 2004, which was before Hurricane Ivan. The condition of the building, based upon his inspection, and personal observation, is fact information, and does not come within the ambit of 26(b)(4)(B), since he will be relaying what he observed.

The undersigned observes that based on the record before the Court, it is not clear whether Mr. Smith was initially retained in anticipation of litigation[3]. Assuming arguendo that Plaintiff is correct, and that Mr. Smith was retained in anticipation of litigation when he was initially engaged, and that he also wears the hat of a non-testifying, consulting expert, the undersigned finds that extraordinary circumstances weigh in favor of Great American's request to depose him. First of all, the parties all agree that the condition of the Caribbean building before and after Hurricane Ivan is a central issue in this case and that Mr. Smith personally inspected the building and collected the data. Because the building was greatly damaged by Hurricane Ivan, the pre-hurricane condition of the building is clearly not something which can be duplicated. Caribbean acknowledges the importance of this information and indicates that Mr. Smith's data and reports have been turned over to Great American's experts and that it is

---

[3] Mr. Smith's deposition testimony indicates that he was initially engaged to assist Caribbean and its contractor in resolving the problems in the building. While Caribbean alleges that Mr. Smith was initially retained in anticipation of litigation, it does not proffer any facts in support of this contention.

6

reasonable for Great American's experts to rely upon that information. Given the importance of this information, which cannot be duplicated, it stands to reason that Great American would need an opportunity to question those who personally observed the conditions and collected the data that its experts are expected to rely upon. Any assertion by Caribbean that it would somehow be prejudiced by having Mr. Smith deposed is simply not plausible given that he was deposed in the prior litigation, and that Caribbean provided Great American with his reports and deposition from the prior litigation and previously identified him as a testifying expert in this case. Accordingly, Caribbean's request to quash the deposition of Mr. Smith is DENIED[4].

Caribbean's request to quash the deposition of Mr. Leistikow is likewise DENIED for many of the same reasons. Like Mr. Smith, Mr. Leistikow constitutes a fact witness. He inspected the building prior to Hurricane Ivan and personally observed the pre-hurricane condition of the building. His personal observations constitute critical fact information that Great American is entitled to discover. Additionally, while Mr. Leistikow was never designated as a testifying expert in this case, he, too, generated data and reports which Caribbean has turned over to Great American

---

[4]The undersigned has not addressed Caribbean's request that Great American be prevented from using the opinions of Mr. Smith and Mr. Leistikow. That issue will be taken up by District Judge DuBose.

and has indicated that such information is reasonable for Great American's experts to rely upon.  In addition, Mr. Leistikow was deposed in Caribbean's prior litigation regarding the very issue that his testimony is sought for in this case, his inspection of the Caribbean building in its pre-hurricane condition.  Under these circumstances, in which the pre-hurricane condition of the building cannot be duplicated, it stands to reason that Great American would need an opportunity to question those who personally observed the conditions and collected the data.  Accordingly, Caribbean's request to quash the deposition of Mr. Leistikow is DENIED.

For the reasons set forth above, Plaintiff's Motions to Quash the Depositions of Ralf Leistikow and Vincent H. Smith (Docs. 101, 102) are DENIED.

DONE this **20th day of February, 2009.**

                                            **/s/ SONJA F. BIVINS**
                               **UNITED STATES MAGISTRATE JUDGE**