IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


CARIBBEAN I OWNERS' ASSOCIATION,*
INC.,                            *
                                 *
     Plaintiff,                  *
                                 *
vs.                              *        Civil Action: 07-00829-KD-B
                                 *
GREAT AMERICAN INSURANCE         *
COMPANY OF NEW YORK,             *
                                 *
     Defendant.                  *

<u>ORDER</u>

This action is before the Court on Plaintiff Caribbean I Owners' Association, Inc.'s Motion to Quash the Deposition of Brandon Franklin and to Exclude Him as a Witness (Doc. 184).  The undersigned conducted a discovery conference to address Plaintiff's motion on March 20, 2009, with counsel for the parties participating by telephone.  Upon consideration of Plaintiff's motion, Defendant's response in opposition, and the arguments of counsel during the conference, the undersigned finds that Plaintiff's motion is due to be granted.

Defendant Great American Insurance Company of New York (hereinafter, "Great American"), on March 12, 2009, noticed the video deposition of Brandon Franklin, Chief Building Inspector for the City of Gulf Shores, for March 24, 2009. (Doc. 181).  Plaintiff asserts that Mr. Franklin's  deposition should be quashed, and he should be precluded from testifying as a witness in the trial of

this case.   According to Plaintiff, Defendant identified Mr. Franklin for the first time in the pretrial document which was filed on January 21, 2009.  Plaintiff argues that Mr. Franklin's deposition should be quashed, and he should be precluded from testifying at the trial of this case because  Great American did not identify Mr. Franklin as a possible witness until after the close of discovery.   Plaintiff asserts that Defendant failed to disclose Mr. Franklin in its initial disclosures as someone possessing information about this case, and further did not identify him in response to Plaintiff's discovery request seeking the name and address of persons having discoverable information. Plaintiff argues that because the time for conducting discovery has long since passed, it will be prejudiced if Defendant is allowed to circumvent the rules and utilize Mr. Franklin's testimony at this late stage of the proceedings.

In its response in opposition to Plaintiff's motion, Defendant Great  American  does  not  refute  Plaintiff's  contention  that Defendant neglected to identify Franklin as a witness before the close of discovery.  Defendant, instead, asserts that while one of Plaintiff's experts, Bob Luke, indicated in August 2008, that he had "reviewed and considered the Southern Standard Building Code and Manufacturer's information" and that the "[r]epair work necessary to comply with applicable building codes and/or ordinances included the replacement of these window and sliding

2

glass door assemblies," Defendant did not know that Plaintiff planned to use Mr. Luke on the specific subject of the interpretation of the 2003/BC/1EBC until March 6, 2009, when Mr. Luke submitted a revised affidavit that under the code, the repair of the interior sheet rock required replacement of the interior of the building, and that, in turn, established the need for Mr. Franklin's testimony.  Defendant further argues that because Plaintiff did not file a motion in limine to preclude Mr. Franklin's testimony, it has waived this issue.

Rule 37(c) provides in pertinent part that:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable, expenses, including attorney fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37(c).  The 1993 Advisory Committee Notes state

3

that "[t]he revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A) ... This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at trial, at a hearing, or on a motion, such as one under Rule 56."

As a threshold matter, the undersigned observes that it is undisputed that Defendant Great American did not identify Mr. Franklin as a possible witness until after the discovery period had expired. Defendant listed Mr. Franklin as a possible witness in its portion of the pretrial document which was filed in January 2009, nearly two months after the close of discovery.  Because Franklin was identified as a possible witness in January 2009, it is clear that Mr. Luke's second affidavit, submitted in March 2009, was not what prompted Defendant to include Franklin as a possible witness in January.  Instead, it is more plausible that the parties were placed on notice regarding the relevancy of the building codes back in the August/September 2008 time frame when Plaintiff's architect and other witnesses testified that additional costs were incurred because Defendant had to comply with new building codes in repairing the building.  Accordingly, based on the record before the Court, the undersigned finds that Defendant failed to properly identify Mr. Franklin as a possible witness before the close of discovery and has further failed to offer good cause for the tardy

4

disclosure of Mr. Franklin.

While Defendant contends that Plaintiff has not been prejudiced by the late disclosure of Mr. Franklin because Plaintiff has known of his existence for such time, Defendant's assertion is without merit[1].  Mr. Franklin was not identified as a possible witness until after discovery had closed.  As a result, Plaintiff was denied the opportunity to not only depose him, but also of the opportunity to follow-up on any information he may have provided during the discovery deposition.  Moreover, the mere fact that Plaintiff may have known of Mr. Franklin's existence before Defendant identified him as a possible witness was not enough to place Plaintiff on notice that he had relevant evidence and should be deposed.  Accordingly, the undersigned finds that Defendant's failure to identify Mr. Franklin during discovery is not harmless and that Plaintiff would be unfairly prejudiced by the late disclosure.  This is particularly true given that the trial of this case is scheduled to commence on March 31, 2009.  *See* <u>Nance v. Ricoh Elec., Inc.</u>, 2008 U.S. Dist. LEXIS 27909 (N.D. Ga. March 31, 2008)(Where the defendant did not have an opportunity to depose declarants, the plaintiff's failure to comply with Rule 26(a) and timely identify witnesses was not harmless error); <u>Ross v. Corp. of</u>

---

[1]Defendant has also argued that Plaintiff waived its right to object to Mr. Franklin because it did not file a motion in limine; however, the commentary to Rule 37(a) makes clear that the rule is self-executing; thus, no motion was required.

<u>Mercer Univ</u>., 506 F. Supp. 2d 1325, 1344 (M.D. Ga. 2007)(holding party's failure to identify witnesses during discovery not harmless because opposing party "has not had the chance to refute the alleged facts" attested to by those witnesses).

Accordingly, for the reasons set forth above, Plaintiff's motion is granted.

DONE this **24th** day of **March, 2009.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
