## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARIBBEAN I OWNERS'** | * | |
| **ASSOCIATION, INC., an Alabama** | * | |
| **not for profit corporation,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | CV-2007-00829-KD |
| **GREAT AMERICAN INSURANCE** | * | |
| **COMPANY OF NEW YORK, a New** | * | |
| **York corporation,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | * | |

## JUDGMENT

This action was tried before a jury during the period March 31, 2009 to April 8, 2009. At the conclusion of trial, the jury deliberated and made the following determinations and awards:

1. Damage to the Caribbean I Owner's Association, Inc., (Caribbean I), building was caused by wind driven rain that entered through undamaged doors, windows or other openings, and that said damage was not caused by 1) hidden or latent defects or any quality of the property that caused it to damage itself; 2) seepage or leakage of water, or the presence of condensation of humidity, moisture or vapor, that occurred over a period of 14 days or more; or 3) neglect of Caribbean I at the time of loss to use all reasonable means to preserve the property from further damage.

2. The amount of damage caused by the wind-driven rain that entered through undamaged doors, windows or other openings and not because of 1) hidden or latent defects or any quality of the property that caused it to damage itself; 2)seepage or leakage of water, or the

presence of condensation of humidity, moisture or vapor, that occurred over a period of 14 days or more; or 3) neglect of Caribbean I at the time of loss to use all reasonable means to preserve the property from further damage was in the amount of $1,055,031.

3. Caribbean I incurred debris removal expenses that were caused or resulted from the covered wind driven rain damage in the amount of $81,214.96.

4. Caribbean I's covered damage [wind-driven rain damage] resulted in additional construction or repair costs in order to comply with the minimum requirements of the applicable ordinances in force at the time of loss, and that the amount of these damages is $674,758.98.

5. In accordance with the applicable policy provisions of the policy issued by Great American Insurance of New York, (Great American), the Court finds the awards made by the jury shall be reduced as follows:

> A. The $1,055,031 awarded by the jury for wind driven rain damages is reduced by $55,031 to $1,000,000 to comply with the insurance limit of insurance coverage for wind driven rain damage under the policy.
>
> B. The $81,214.96 awarded by the jury for debris removal is reduced by $71,214.96 to $10,000 to comply with the insurance limit of insurance coverage for debris removal under the policy.
>
> C. The $674,758.98 awarded by the jury for additional construction or repair costs in order to comply with the minimum requirements of the applicable ordinances in force at the time of loss is reduced by $174,758.98 to $500,000 to comply with the insurance limit of insurance coverage for Ordinance or Law Coverage C of the policy.

      D.      Based on the determinations and awards for the jury and the Court's reductions in compliance with applicable insurance policy limits of coverage, the total amount of the award to Caribbean I against Great American is $1,510,000.

6.      Based on the foregoing, it is hereby ORDERED that judgment be entered in favor of Caribbean I Owner's Association, Inc. and against Great American Insurance Company of New York in the amount of $1,510,000.00, plus costs of court.

Done this 22nd day of April, 2009.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**