IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARIBBEAN I OWNERS' ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 07-0829-KD-B ) |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

This matter is before the court on "Defendant's Renewed Motion for Judgment as a Matter of Law After Trial" (doc. 214). Defendant moves the court, pursuant to Rule 50 of the Federal Rules of Civil Procedure[1] for judgment as a matter of law on four separate grounds.

---

[1] Fed.R.Civ.P. 50(b) provides:

(b) **Renewing the Motion After Trial; Alternative Motion for a New Trial.** If the court does not grant a motion for judgment as a matter of law made under subdivision (a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. The movant may renew its request for judgment as a matter of law by filing a motion no later than 10 days after the entry of judgment or -- if the motion addresses a jury issue not decided by a verdict -- no later than 10 days after the jury was discharged. The movant may alternatively request a new trial or join a motion for a new trial under Rule 59.

Fed. R. Civ. P. 50(b). See also Chaney v. City of Orlando, Fla., 483 F.3d 1221 (11th Cir. 2007) ([I]n ruling on a party's renewed motion under Rule 50(b) after the jury has rendered a verdict, a court's sole consideration of the jury verdict is to assess whether that verdict is supported by sufficient evidence.) (internal citations omitted)

First, defendant argues that plaintiff failed to establish the cause of its claimed damages and failed to segregate covered damages from non-covered damages. Intertwined in this argument is defendant's contention that the opinions of plaintiff's expert (Luke) regarding the manner in which the water entered the building are inadmissible on the grounds that Luke's methodology fails to meet the requirements of the Federal Rules of Civil Procedure.

The court has previously considered and rejected these arguments which were made verbatim in defendant's motion for judgment as a matter of law at the close of the evidence. (doc. 208). Likewise, as to the testimony of Luke, defendant's arguments as to Luke's methodology were previously presented to the court in defendant's motion to exclude (doc. 135) and during the *Daubert Hearing*. For the reasons more fully articulated on the record at trial and during the *Daubert Hearing,* defendant's motion for judgment of matter of law on these grounds is denied.

Defendant next argues that it is entitled to rescind the policy of insurance due to misrepresentations made by plaintiff during the Policy application process. This argument was presented *verbatim* in defendant's motion for judgment as a matter of law on the breach of contract claim and again at the close of all the evidence. (docs. 197, 209) After thoroughly considering defendant's arguments the court denied the motions. For the same reasons articulated on the record at trial, defendant's motion for judgment as a matter of law on the issue of rescission is denied.

Defendant also argues that the determination of whether plaintiff is entitled to any coverage under the Policy's Ordinance and Law provisions involves only questions of law to be

decided by the Court.   As a separate but related ground, defendant argues that no coverage is available to plaintiff under any Coverage C of the Ordinance and Law provisions of the Policy.

Each of these arguments relating to the Ordinance and Law provision of the policy were previously presented to the court, *verbatim,* in defendant's motion for partial summary judgment at the close of all the evidence. (doc. 207)  Moreover, prior to the start of trial, the court allowed the parties an opportunity to extensively brief the issue of the applicability of the Ordinance and Law provision of the policy.  (docs. 172, 182) Accordingly, for the reasons articulated by the court on the record at trial, defendant's motion for judgment as a matter of law on these issues is denied..

Upon consideration of the defendant's renewed motion for judgment as a matter of law, and for reasons fully explained on the record at the *Daubert Hearing*, at the close of plaintiff's evidence and at the close of defendant's evidence, the defendant's renewed motion for judgment as a matter of law is DENIED.

DONE this the 12th day of May 2009.

                        /s/ Kristi K. DuBose  
                        **KRISTI K. DuBOSE**  
                        **UNITED STATES DISTRICT JUDGE**