IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARIBBEAN I OWNERS' ASSOCIATION, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )   CIVIL ACTION 07-0829-KD-B ) |
| GREAT AMERICAN INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court on Defendant's Motion to Re-Tax Costs (Doc. 225). On May 7, 2009, Plaintiff submitted a "Bill of Costs." (Doc. 216). In its opposition to Plaintiff's motion to alter or amend, Defendant opposed Plaintiff's bill of costs. (Doc. 222). On June 2, 2009 in accordance with Local Rule 54.1(b) the clerk of court taxed costs against Defendant in the amount of $12,398.88. (Doc. 223). Local Rule 54.1(c) provides "[a]ny party may, within five days of the taxation of costs by the clerk, [ ] file a motion to re-tax costs." Thus, each party was given five (5) days in which to object to the clerk's entry. (Doc. 224 at 5, n. 3). Defendant accordingly filed a motion to re-tax (Doc. 225), objecting to any award of costs related to the depositions of Lee Turberville, David Sharpe, Bob King, Bob Luke (including all volumes), Chris Hurley (including videography services), Kim Gardner, Ned Fortenberry, Jim Butler and Bill Williams "because none of those depositions were substantially introduced into evidence at trial." (Doc. 225 at 2). Defendant asserts that the only deposition costs to which Plaintiff may be entitled are those related to the depositions of James DuPre and Vincent Smith. (Id.) Additionally, Defendant contends that the costs associated with Ned Fortenberry and James DuPre's depositions, as set forth in Plaintiff's

Bill of Costs, have been combined such that it is unclear which costs were strictly related to which individual deposition. (Id.)  As such, Defendant requests that Plaintiff be required to submit a revised Bill of Costs delineating same. (Id.)  Moreover, in support of its motion to re-tax costs, Defendant relies upon Standing Order No. 13 of this Court (providing that deposition costs are properly taxable only where "a substantial portion of the deposition was admitted in evidence on the trial of the case[]") as grounds for its motion. (Id.)

A review of Plaintiff's Bill of Costs indicates that there is no distinction between the deposition costs associated with James DuPre and Ned Fortenberry. (Doc. 216 at 3, Item 12). Likewise, the deposition costs for James Butler and Bill Williams are also combined. (Id. at 3, Item 13). Accordingly, Plaintiff is hereby **ORDERED** to submit a one-page Revised Summary of Expenses as a Supplement to its pending Bill of Costs on or before **June 19, 2009**, delineating the specific deposition costs associated with Ned Fortenberry, Jim Dupre, James Butler and Bill Williams. No further briefing on this motion will be permitted. Defendant's Motion to Re-tax Costs will be taken under submission upon receipt of Plaintiff's Revised Summary of Expenses.

DONE this the **12th** day of **June 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**