IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CARIBBEAN I OWNERS'** ) | |
| **ASSOCIATION, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION 07-0829-KD-B** |
| ) | |
| **GREAT AMERICAN INSURANCE** ) | |
| **COMPANY OF NEW YORK,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter is before the Court on Plaintiff's Bill of Costs (as Revised) (Docs. 216, 227) and Defendant's Motion to Re-Tax Costs (Doc. 225). For the reasons which follow, Defendant's Motion is due to be **GRANTED** in part and **DENIED** in part.

**I.    Background**

On May 7, 2009, Plaintiff submitted a "Bill of Costs" which included a Declaration that "the foregoing costs are correct and were necessarily incurred in this action[,]" listing "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case" in the sum of $14,812.48 and fees for exemplification/copies in the sum of $275.50 for a total of $15,087.98. (Doc. 216). In its opposition to Plaintiff's motion to alter or amend, Defendant opposed Plaintiff's bill of costs. (Doc. 222). On June 2, 2009 in accordance with Local Rule 54.1(b) the clerk of court taxed costs against Defendant in the amount of $12,398.88, disallowing costs for the videographer services for Bob Uphaus' deposition ($700.00), the transcript cost for the Daubert hearing ($352.00), and the deposition of Gary Maylon ($1,637.10). (Doc. 223).

Local Rule 54.1(c) provides "[a]ny party may, within five days of the taxation of costs by

the clerk, [ ] file a motion to re-tax costs." Thus, each party was given five (5) days in which to object to the clerk's entry. (Doc. 224 at 5, n.3). Defendant Great American filed a motion to re-tax (Doc. 225), objecting to any award of costs related to the depositions of Lee Turberville, David Sharpe, Bob King, Bob Luke (including all volumes), Chris Hurley (including videography services), Kim Gardner, Ned Fortenberry, Jim Butler and Bill Williams "because none of those depositions were substantially introduced into evidence at trial." (Doc. 225 at 2). Defendant asserts that the only deposition costs to which Plaintiff may be entitled are those related to the depositions of James DuPre and Vincent Smith, because those depositions were substantially introduced into evidence at trial. (Id.) In so doing, Defendant relies upon Standing Order No. 13 of this Court (providing that deposition costs are properly taxable only where "a substantial portion of the deposition was admitted in evidence on the trial of the case[]") as grounds for its motion to re-tax. (Id.) On June 17, 2009, in response to this Court's Order directing same (Doc. 226), Plaintiff filed a Revised Summary of Expenses in further support of its Bill of Costs (Doc. 227).

**II.     Discussion**

**A.     Relevant Law**

This Court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which provides as follows: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . . Fed.R.Civ.P. 54(d)(1). Additionally, 28 U.S.C. § 1920 states that a judge or clerk of any court of the United States may tax as costs:

   (1) Fees of the clerk and marshal;
   (2) Fees of the court reporter for all or any part of the stenographic transcript

>   necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>   (5) Docket fees under section 1923 of this title;
>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbins, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense." Eagle Ins. Co. v. Johnson, 982 F. Supp 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit." Id. (citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." Id. (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. Id. (citations omitted).

Taxation of deposition expenses is authorized by 28 U.S.C. § 1920(2). U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000). However, "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." Id. Whether the costs for a deposition are taxable depends on "whether the deposition was wholly or partially 'necessarily obtained for use in the case." Id. at 621. In this Court, Standing Order 13 clarifies the issue by requiring the prevailing party to submit

3

a "written representation . . . that a substantial portion of the deposition was admitted in evidence on the trial of the case." (S.D. Ala. Standing Order 13 (June 1997)). Otherwise the clerk may not tax the costs of either the original or a copy of a deposition unless otherwise ordered by the court. Id. Specifically, Standing Order 13, which provides, in relevant part, that costs shall be taxed as follows:

> **1. Deposition Costs:**
> (a) The Clerk may tax the cost of an original deposition upon the written representation of counsel for a party claiming the cost that a substantial portion of the deposition was admitted in evidence on the trial of the case.
>
> (b) The Clerk shall not otherwise tax the costs of either the original or a copy of the deposition (unless otherwise ordered by the court) and any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to Fed.R.Civ.P. 54(d) [sic] and Local Rule 54.1 and present the matter to the court. 1
>
>                             * * *
>
> _____
> 1 The provisions of 28 U.S.C. §1920 (2) allow the taxation of fees of a court reporter who prepares a "stenographic transcript necessarily obtained for use in the case." The trial judge has discretion in determining whether costs of copies are taxable and must decide whether the copies were necessarily obtained for use in the case. U.S. v. Kolesar, 313 F. 2d 835, 840 (5th Cir. 1963); generally the costs of copies are not taxable. Vorburger v. Georgia Ry. Co., 47 F.R.D. 571 (M.D. Ala. 1969).

(Id. at 1 and n.1). Nevertheless, this Court explained in Catanzaro v. Alabama State Port Auth., Slip Copy, 2006 WL 3933275, *3 (S.D. Ala. Dec. 7, 2006) that:

> **The court has discretion to award costs under Section 1920** *regardless of the limitations of Standing Order 13*. Standing Order 13 provides that "any party desiring to tax the cost of depositions other than those described in subparagraph (a) shall file in writing a motion to re-tax the costs pursuant to Fed.R.Civ.P. 45(d) [sic] and Local Rule 54.1 and present the matter to the court." **Local Rule 54.1 provides the procedure for taxation of costs by the clerk in this court**. **It specifically states that "This order limits only the authority of the clerk to assess costs for certain items otherwise taxable under Section 1920 but does not limit a prevailing party's ability to recover under the statute.**" **Thus, if the expenses are specifically enumerated in § 1920, the court upon proper motion by the prevailing party, may tax the expenses although they were correctly disallowed**

**by the clerk pursuant to Standing Order 13.** . . . .

(Id. (emphasis added)).  See also Coulter v. J.C. Penney Corp., Inc., 2007 WL 1521634, *1 (S.D. Ala. May 23, 2007).

While admission into evidence or use during cross-examination at trial tends to demonstrate that a deposition transcript was necessarily obtained, "[i]t is not necessary to use a deposition at trial to be taxable[.]" W&O, Inc., 213 F.3d at 621; U.S. v. Kolesar, 313 F. 2d 835, 840 (5th Cir. 1963)[1] (stating that "the utility (and necessity) for a deposition is not alone measured by whether all or any part of it is formally offered in evidence as such[]").  "[O]btaining deposition transcripts for use during discovery may be taxable as long as it is necessary to the issues in the case when the deposition was taken."  Lovett v. KLLM, Inc., 2007 WL 983192, *6 (N.D. Ga. Mar. 26, 2007).  "[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success[.]"  Ferguson v. Bombardier Serv. Corp., 2007 WL 601921, *3 (M.D. Fla. Feb. 21, 2007).  The burden falls on the losing party to show that specific deposition costs or a particular court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition.  W&O, Inc., 213 F.3d at 621; Helms v. Wal-Mart Stores, Inc., 808 F. Supp. 1568, 1571 (N.D. Ga. 1992) (providing that "since both parties should be aware of the reasons to take a deposition, the non-prevailing party should explain why the court should not grant that cost[]"), aff'd, 998 F.2d 1023 (11th Cir.1993).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit prior to October 1, 1981.

**B.     Analysis**

Defendant Great American's singular objection[2] to Plaintiff's Bill of Costs is that "the vast majority of [deposition] costs claimed . . . (and awarded by the Court) are not properly taxable under Standing Order No. 13 of this Court[]" because under Standing Order No. 13 "deposition costs are properly taxable only where a substantial portion of the deposition was admitted in evidence on the trial of the case." (Doc. 225). Specifically, Defendant disputes the costs for the following nine (9) depositions: Amos Lee Turberville ($210.30), David Sharpe ($422.40), Bob King ($1,167.75), Robert ("Bob") Luke ($1,375.23), Chris Hurley ($1,853.75), Chris Hurley's videography services ($1,655.00), Kim Gardner ($735.45), Ned Fortenberry ($1,697.00), James Butler ($254.70) and Bill Williams ($314.85). Additionally, Defendant asserts that at best, Plaintiff is only entitled to costs for the depositions of James DuPre and Vincent Smith "because those are the only depositions of which Caribbean I introduced a substantial portion into evidence at trial." (Doc. 225 at 2).

As noted *supra*, this Court has discretion to award costs under Section 1920 regardless of any limitations of Standing Order 13. See, e.g., Catanzaro, 2006 WL 3933275; Coulter, 2007 WL 1521634. Rule 54 and Section 1920 provide for an award of costs for fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case and thus, whether costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case.[3] W&O, Inc., 213 F.3d at 620-621. Plaintiff's Declaration in its Bill of Costs asserts, under penalty of perjury, that the costs associated

---

[2] In its motion to re-tax, Defendant does not dispute either the costs previously awarded for the trial exhibits or the costs which were disallowed.

[3] Taxation of deposition costs is authorized by § 1920(2). "Though 1920(2) does not specifically mention a deposition . . . depositions are included by implication in the phrase 'stenographic transcript.' " United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963).

with these depositions were "necessarily incurred in this action" and moreover, Plaintiff's Summary of Expenses for Bill of Costs (as revised) states with regard to these depositions, that the "[f]ees of the reporter for all or any part of the transcript necessarily obtained for use in the case." (Doc. 227 at 3). A deposition taken within the proper bounds of discovery will normally be deemed to be "necessarily obtained for use in the case" and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged. See. e.g., Air Turbine Technology, Inc. v. Atlas Copco AB, 2008 WL 544731, *3 (S.D. Fla. Feb. 26, 2008). As such, Defendant Great American must pose a specific objection to any deposition transcript that it believes is not taxable. Id. See also e.g., Dillon v. Axxsys Intern., Inc., Slip Copy, 2006 WL 3841809, *6 (M.D. Fla. 2006). In this instance, the only objection raised by Defendant Great American is that Plaintiff cannot recover these deposition costs because they were not admitted into evidence at trial. Notably, Defendant has failed to show that "any portion of the deposition[] was not 'related to an issue which was present in the case at the time the deposition was taken.'" W&O, Inc., 213 F.3d at 621.

At the outset, no depositions were admitted into evidence at trial. While depositions of certain witnesses were read into the record and some witnesses (who had also been deposed) testified live at trial, none were actually introduced into evidence. This does not mean, however, that Plaintiff cannot recover these depositions costs. As already noted herein, Plaintiff is entitled to recover the deposition costs so long as they were necessarily obtained for use in the case. See, e.g., Kolesar, 313 F.2d at 840 (stating that "the utility (and necessity) for a deposition is not alone measured by whether all or any part of it [ ] is formally offered in evidence as such. A deposition used effectively in cross examination may have its telling effect without so much as a line of it being

7

formally proffered[]"). "It is not necessary to use a deposition at trial for it to be taxable, but admission into evidence or use during cross-examination tends to show that it was necessarily obtained." W&O, Inc., 213 F.3d at 621. See also Preis v. Lexington Ins. Co., 2007 WL 3120268, *1-3 (S.D. Ala. Oct. 22, 2007). Turning to the specific depositions at issue, the Court now finds as follows.

### 1. Tuberville, Hurley, Gardner, Fortenberry and King

The costs of the deposition transcripts of Amos Lee Tuberville, Chris Hurley, Kim Gardner, Ned Fortenberry and Bobby King are recoverable because Plaintiff has averred under penalty of perjury that they were necessarily obtained for use in the case and these individuals were listed by Defendant Great American as trial witnesses. (Doc. 137 at 11-12) (See also Doc. 154 at 2 (noting that "witness identification has been completed[]"). As noted by the Eleventh Circuit in W&O, Inc., 213 F.3d at 621 (citations omitted)):

> Taxation of deposition costs of witnesses on the losing party's witness list is reasonable because the listing of those witnesses indicated both that the [prevailing party] might need the deposition transcripts to cross-examine the witnesses and that "the information those people had on the subject matter of this suit was not so irrelevant or so unimportant that their depositions were outside the bound of discovery."

See also Murphy v. City of Flagler Beach, 761 F.2d 622, 631 (11th Cir. 1985); Preis, 2007 WL 3120268, *1-2. Additionally, while these depositions were not admitted into evidence at trial, these individuals testified at trial.[4] See, e.g., Van Voorhis v. Hillsborough Bd. of County Com'rs, Slip Copy, 2008 WL 2790244, *4 (M.D. Fla. Jul. 18, 2008). Accordingly, the Court **DENIES** Defendant's motion and awards these deposition costs to Plaintiff.

---

[4] King also testified at the Daubert hearing.

**2.      Luke, Sharpe, Butler and Williams**

Concerning the depositions of Robert Luke, David Sharpe, James Butler and Bill Williams,[5] these were not admitted into evidence at trial and Defendant Great American did not list them as trial witnesses; however, these individuals testified at trial. Plaintiff is entitled to recover the deposition costs so long as they were necessarily obtained for use in the case. See, e.g., Kolesar, 313 F.2d at 840; W&O, Inc., 213 F.3d at 621; Preis, 2007 WL 3120268, *1-3. Plaintiff has averred that these depositions were necessarily obtained for use in the case and the only objection raised by Defendant – to recovery of these costs – is that the depositions were not admitted into evidence at trial. However, for those reasons already discussed *supra*, recovery of such costs is not dependent upon admission into evidence. Accordingly, the Court **DENIES** Defendant's motion and awards these deposition costs to Plaintiff.

**3.      Chris Hurley's Videography Services**

Plaintiff seeks to recover the costs of Chris Hurley's videography services. The Eleventh Circuit has held that when a party notices a deposition to be recorded by non-stenographic means or by both stenographic and non-stenographic means, and no objection is raised at that time by the other party as to the method of recordation, it is appropriate to award the cost of conducting the deposition in the manner noticed. Morrison v. Reichhold Chemicals, Inc., 97 F.3d 460 (11th Cir. 1996); Preis, 2007 WL 3120268, *3. The record reveals that Plaintiff noticed the deposition of Chris Hurley, as indicated in the September 8, 2008 Notice of Service of Discovery (Doc. 84); however, the Notice does not state the method of recordation of Hurley's deposition. In fact, there is no evidence before the Court showing that Plaintiff noticed Hurley's deposition to be videotaped rather

---

[5] Luke also testified at the Daubert hearing.

9

than transcribed. Accordingly, Plaintiff is only entitled to costs in the amount of a stenographic transcript. See, e.g., Morrison, 97 F.3d at 465. Thus, the Court **GRANTS** Defendant's motion as to the videography costs.

### 4. James DuPre and Vincent Smith

As for James DuPre and Vincent Smith, Defendant Great American appears to concede that Plaintiff may recover these deposition costs because "those are the only depositions of which Caribbean I introduced a substantial portion into evidence at trial." (Doc. 225 at 2). However, while these depositions were used at trial, neither of these depositions were admitted into evidence at trial. Nevertheless, both DuPre and Smith were listed by Defendant Great American (the losing party) as trial witnesses. (Doc. 137 at 13-14). W&O, Inc., 213 F.3d at 621; Murphy, 761 F.2d at 631; Preis, 2007 WL 3120268, *1-2. For those same reasons articulated above, Plaintiff may recover the costs of these depositions because "[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable . . . ." W&O, Inc., 213 F.3d at 621. Accordingly, the Court **DENIES** Defendant's motion and awards these deposition costs to Plaintiff.

### 5. Other

In the Clerk's award of costs, the Clerk disallowed the deposition costs of Gary Malyon, videographer services for Bob Uphaus' deposition and the transcript cost for the Daubert hearing. This Court has reviewed these disallowances and finds as follows. First, Gary Maylon's deposition costs are recoverable. While Maylon's deposition was not admitted into evidence at trial, Maylon was listed by Defendant Great American as a trial witness. (Doc. 137 at 12). Additionally, Maylon testified live at trial and Plaintiff has averred that the costs of this deposition were necessarily incurred in this case. Accordingly, Plaintiff may recover the costs of this deposition because

10

"[t]axation of deposition costs of witnesses on the losing party's witness list is reasonable . . . ." W&O, Inc., 213 F.3d at 621; Murphy, 761 F.2d at 631; Preis, 2007 WL 3120268, *1-2.

Second, as for the cost of the videographer services for Bob Uphaus, just as with Chris Hurley, Plaintiff has provided no information indicating that his deposition was noticed via videotape or non-stenographic means. Accordingly, Plaintiff is only entitled to costs, upon proper proof, in the amount of a stenographic transcript. See, e.g., Morrison, 97 F.3d at 465.

Third, as for the costs of the Daubert hearing transcript, "[w]here a Court's order or ruling on motions and discovery matters refers to the record of pretrial and discovery hearings, transcript copies of the hearings are deemed reasonably necessary and are recoverable costs to the prevailing party." See, e.g., Zokaites v. 3236 NE 5th St., Inc., Slip Copy, 2008 WL 4792451, *4-5 (S.D. Fla. Oct. 31, 2008) (citing Maris Distrib. Co. v. Anheuser-Busch, Inc., 2001 WL 862642 (M.D. Fla. May 4, 2001)); U.S. Fire Ins. Co. v. Mikes, Slip Copy, 2008 WL 616102, *3 (M.D. Fla. Mar. 3, 2008); Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Const. Co., 2007 WL 2254931, *2 (S.D. Fla. Aug. 2, 2007). The taxation of hearing transcripts is discretionary and is governed by the language of Section 1920(2) which reads "[a] judge or clerk of any court of the United States may tax as costs . . . fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Plaintiff has averred through its Bill of Costs (as revised) that the Daubert hearing transcript was "necessarily obtained for use in the case" as required by Section 1920(2). Plaintiff's request for the hearing transcript costs are within Section 1920(2). As such, Plaintiff may recover the costs for the Daubert hearing transcript.

**III.  Conclusion**

Based upon the foregoing, the Court finds that Defendant Great American's motion to re-tax

is due to be **GRANTED** in part and **DENIED** in part as follows.  It is hereby **ORDERED** that Plaintiff is entitled to an award of costs in the amount of **$275.50** for the exemplification/copying fees (undisputed); **$12,105.48** for the costs of the depositions of Amos Lee Turberville ($210.30), David Sharpe ($422.40), Bob King ($1,167.75), Robert ("Bob") Luke ($1,375.23), Chris Hurley ($1,853.75 (stenographic means)), Kim Gardner ($735.45), Ned Fortenberry ($1,697.00), James Butler ($254.70) and Bill Williams ($314.85), James DuPre ($1,718.05), Vincent Smith ($718.90) and Gary Maylon ($1,637.10); and **$352.00** for the costs of the Daubert hearing transcript. **Accordingly, Plaintiff's costs are re-taxed such that Plaintiff is entitled to recover a total award of $12,732.98.**

      **DONE** and **ORDERED** this the **10th** day of **July 2009.**

                                                  /s/ Kristi K. DuBose
                                                **KRISTI K. DuBOSE**
                                                **UNITED STATES DISTRICT JUDGE**